NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-175

SUZANNE ROSE DIEKAN

vs.

JOHN FRANK DIEKAN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, John Diekan (husband), appeals from orders of a judge of the Probate and Family court denying his motion to file a late notice of appeal from a divorce judgment and his motion for reconsideration. We affirm.

The divorce judgment entered in August 2019. On October 30, 2019, the husband filed a motion to stay the judgment pending appeal. In support of the motion, the husband stated that he had not yet filed his notice of appeal because he was waiting for the court to issue findings.

Over two years later, on January 21, 2022, the husband filed a motion for leave to file a late notice of appeal. On April 12, 2022, the judge denied the husband's motion after a hearing. On May 16, 2022, the husband filed a motion to reconsider, which the judge denied without a hearing.

We review for an abuse of discretion both the judge's order denying the motion to file a late notice of appeal and for reconsideration. See Lawrence Sav. Bank v. Garabedian, 49 Mass. App. Ct. 157, 161 (2000). In support of his motion, the husband stated that he originally filed his notice of appeal on September 19, 2019. To prove the "original" filing date, the husband submitted a postal tracking notification showing that he had mail delivered to the Probate and Family Court on September 19, 2019. He claimed that the delivered item contained his notice of appeal, and the court clerk lost it. Accordingly, he argues, the judge should have preserved his rights of appeal.

However, the postal record did not indicate what the package contained, and there is no entry on the trial court docket reflecting a filing on or near that date. During a hearing, the judge asked the husband's attorney why the October 2019 motion to stay, asserting that the husband had not yet filed a notice of appeal, contradicted the January 2022 motion asserting that he had filed a notice of appeal in September 2019. The judge did not accept counsel's explanation that "it might have been just a typo." The judge did not credit the husband's claim that he delivered the notice of appeal in September 2019. Thus, the husband did not show any "[c]lerical mistake[] . . . arising from oversight or omission" that might permit him relief from his failure to file a timely notice of

2

appeal.  Mass. R. Dom. Rel. P. 60(a).[1]  See Eyster v. Pechenik,

71 Mass. App. Ct. 773, 782 (2008) ("errors by a court clerk will

generally be resolved in favor of preserving rights of appeal"

[quotation and citation omitted]).

Ultimately, the judge denied the motion to file late notice

of appeal because the "[husband] acknowledged in his motion

dated 10/30/19 that he had not filed a Notice of Appeal.  Said

motion was signed by the [husband] under the penalties of

perjury on 10/28/19."  Cf. Patriot Power, LLC v. New Rounder,

LLC, 91 Mass. App. Ct. 175, 181 (2017) (credibility

determinations and evidentiary weight are matters for fact

finder).  In his motion for reconsideration, the husband merely

repeated his claim that the statement in his October 19, 2019

motion that he had not yet filed his notice of appeal was in

error and his receipt from the post office was proof that he had

filed a notice of appeal on September 19, 2019.

---

[1] Nor did the husband show "excusable neglect" that would have
permitted the Probate and Family Court judge to extend the time
for filing the notice of appeal for no more than thirty days
after it was due.  Mass. R. A. P. 4 (c), as appearing in 481
Mass. 1606 (2019).

We discern no abuse of discretion in the judge's denial of the husband's motions.[2]

> Orders denying motions to file late notice of appeal and for reconsideration affirmed.
>
> By the Court (Henry, Grant & Brennan, JJ.[3]),
>
> *Joseph F. Stanton*
>
> Clerk

Entered:  October 10, 2023.

---

[2] The wife's request for appellate attorney's fees is denied.
[3] The panelists are listed in order of seniority.

4